UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>TIMOTHY E. BROWN,<br>Debtor. | Case No. 26-cv-6540-RSH-VET<br>Bankruptcy No. 26-01996-CL-13<br>Adversary Proceeding No. 26-90104-CL |
| PEGGY CRUZ et al.,<br>Plaintiffs,<br>v.<br>TIMOTHY E. BROWN,<br>Defendant. | **ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS**<br>[ECF No. 1-4] |

Before the Court is Debtor-Appellant Timothy E. Brown's motion for leave to proceed in forma pauperis ("IFP"). ECF No. 1-4. On November 18, 2026, Appellant, proceeding pro se, filed a notice of appeal seeking leave to appeal the bankruptcy court's November 9, 2026 order denying his motion to dismiss the complaint in adversary proceeding no. 26-90104-CL. ECF Nos. 1, 1-6. At the same time, Appellant filed a document entitled "Fee Waiver," which the Court construes as a motion to proceed IFP.

ECF No. 1-4.

All parties instituting a bankruptcy appeal must pay the prescribed filing fee. *See* Fed. R. Bankr. P. 8003(a)(3)(C) ("The notice of appeal must be accompanied by the prescribed filing fee."); 28 U.S.C. § 1930(c) ($5 appeal fee); Bankruptcy Court Miscellaneous Fee Schedule item 14 ($293 for appeal). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1). *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011) ("All persons, not just prisoners, may seek IFP status."); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life[.]" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty[.]" *Id*. (internal quotation marks omitted).

Here, Appellant's request does not provide sufficient information for the Court to assess his ability to pay the filing fee. Appellant states that he is experiencing "financial hardship," receives CalFresh food assistance benefits, and possesses limited financial resources to cover his basic living expenses, including housing, food, utilities, and transportation. ECF No. 1-4. However, Appellant provides no specific information concerning his monthly income, expenses, or assets. *Id.* Without this information, the Court is unable to determine whether Appellant "cannot pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234; *In re Deshotels*, No. 26CV4226-LL-GC, 2026 WL 2523413, at *2 (S.D. Cal. Aug. 26, 2026) (denying motion to proceed IFP in bankruptcy appeal for failure to provide sufficient information); *In re Cisse*, No. 23-CV-1781-JO-JLB, 2023 WL 7095111, at *1 (S.D. Cal. Oct. 26, 2023) (same).

For these reasons, Appellant's motion to proceed IFP is **DENIED** without prejudice. If Appellant elects to pursue this appeal, he must, within **thirty (30) days** of the date of this Order, either: (a) complete and file Form AO 239 (rev. 01/15), "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)," which is

available on the Court's website; or (2) pay the applicable filing fee. Failure to comply with the Court's Order may result in the dismissal of this action without prejudice.

**IT IS SO ORDERED.**

Dated: November 19, 2026

Hon. Robert S. Huie
United States District Judge